# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHURCH OF UNIVERSAL LOVE AND )
MUSIC et al., )
)
    Plaintiffs, )
) Civil Action No. 10-1422
  vs. )
)
FAYETTE COUNTY, et al., )
)
    Defendants. )

AMBROSE, Senior District Judge

# OPINION AND ORDER

## SYNOPSIS

In this civil action, Defendants have filed a partial Motion to Dismiss, seeking dismissal of Plaintiff's claim for tortious interference with the sale of CULM property.[1] For the following reasons, the Motion will be granted.

## I. APPLICABLE STANDARDS

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads

---

[1] The parties agree to the remainder of Defendants' Motion, which seeks dismissal of paragraphs 74 and 93(c) of the Amended Complaint.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,    U.S.   , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility…." Id. at 949. A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965). Defendant bears the burden of demonstrating that no claim has been stated. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

I. DEFENDANTS' MOTION

Defendants' Motion relies on Plaintiffs' allegation that Defendant Brooks interfered with the sale of CULM property by telling the prospective buyer that the County was going to initiate forfeiture proceedings. A truthful statement, Defendants contend, cannot support a claim for tortious interference.

A prima facie case of tortious interference requires that a plaintiff prove "the absence of privilege or justification on the part of the defendant" -- i.e., that the defendant's conduct was "improper." See Walnut St. Assocs. v. Brokerage Concepts, Inc., No. 9 EAP 2010, 2011 Pa. LEXIS 1103, at **17-19 (Pa. May 13, 2011). Recently, in the Pennsylvania Supreme Court adopted the Restatement (Second) of Torts, Section 772(a), which provides that truthful information is not "'improper' (and hence actionable)". Id. at **27-28.

In particular, that Section provides as follows:

One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other's contractual relation, by giving the third person

(a) truthful information….

Restatement (Second) of Torts, Section 772(a).

Further, comment (a) to that Section states as follows:

> There is of course no liability for interference with a contract or with a prospective contractual relation on the part of one who merely gives truthful information to another. The interference in this instance is clearly not improper. This is true even though the facts are marshaled in such a way that they speak for themselves and the person to whom the information is given immediately recognizes them as a reason for breaking his contract or refusing to deal with another. It is also true whether or not the information is requested.
>
> Walnut St. Assocs., 2011 Pa. LEXIS 1103, at * 28 (quoting Restatement (Second) of Torts § 772, cmts. a-b) (emphasis omitted).

Defendants argue that Plaintiffs' claim is based on the allegation that Defendant Brooks stated that the County intended to file a forfeiture action, and that the County did file a forfeiture action. Defendants argue, therefore, this truthful statement cannot form the basis of a tortious interference claim. Plaintiffs do not challenge the truthfulness of the statement, or address any other aspect of Defendant Brooks' communication that would pull it outside the embrace of Section 772. Instead, Plaintiffs focus on the potentially harassing and collusive nature of the forfeiture proceeding and surrounding events, and the role of these events in a pattern of allegedly wrongful conduct. Certainly, the Defendants' actions might have been wrongful, or may constitute evidence of wrongful behavior. While it might support some other cause of action, however, I cannot plausibly conclude from the bare pleaded facts that Defendant Brooks' statement can form the basis of a claim for tortious interference with contractual relations.[2]

---

[2] I emphasize that I do not adopt a rule that statements of intent to institute legal proceedings that interfere with contractual relations, and are later acted on, are per se privileged. In this case, however, Plaintiffs acknowledge that the statement was accurate, and have not borne their burden under applicable standards.

## CONCLUSION

In sum, Defendants' Motion to Dismiss will be granted, as Plaintiff has failed to plead that the alleged statement by Defendant Brooks was improper under Pennsylvania law. Although I did not rely on the truthfulness of Defendant Brooks' statement in dismissing this claim from the initial Complaint, Defendants raised the issue in their initial Motion to Dismiss the Complaint. Moreover, I granted Plaintiffs' Motion for leave to amend their Complaint to add more specific allegations. Accordingly, Plaintiffs were on notice that Defendants raised this issue, and had the opportunity to address the present challenges to their tortious interference claim. Therefore, I will dismiss the claim with prejudice. The remainder of the Motion will likewise be granted as uncontested.

## ORDER

AND NOW, this 30th day of June, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss (Docket No. [17]) is GRANTED. Plaintiff's claim for tortious interference with contractual relations, and Paragraphs 74 and 93(c) of the Amended Complaint, are dismissed with prejudice.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court