## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHURCH OF UNIVERSAL LOVE AND MUSIC, et al., | ) ) ) |
| Plaintiffs, | ) No. 10-1422 |
| v. | |
| FAYETTE COUNTY, et al., | |
| Defendants. | |

## OPINION AND ORDER

### SYNOPSIS

Before the Court is Defendants' Supplemental Motion for Summary Judgment, which was filed with leave of Court. Defendants assert that both Defendants Brooks and Reese are entitled to qualified immunity. For the following reasons, the Motion will be granted.

### I. APPLICABLE STANDARDS

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. V. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Onmicare, Inc., 382 F. 3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Cattrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).

## II. QUALIFIED IMMUNITY – DEFENDANT REESE

Because I apply the same standards as I did in my August 31, 2012 Order, I recite them here only in brief. When assessing a claim of excessive force, I must look to "whether, under the totality of the circumstances, [the officer's] actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." Estate of Smith v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003). Moreover, reasonableness is evaluated in light of facts and circumstances including "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Jackson v. City of Pittsburgh, 688 F. Supp. 2d 379, 392 (W.D. Pa. 2010) (quoting Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004)).

The analysis of reasonableness under the Fourth Amendment standard requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat of harm to officers, whether he resists arrest or attempts to flee, whether the physical force applied was of such an extent as to lead to injury, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time. Id. at 397; Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

Accepting Plaintiffs' version of events, Plaintiff Hendricks complied with officers throughout the search and detention, and, after having been searched for weapons, and while seated on the ground and asked to see Defendant Reese's warrant, Defendant said, "This is my f—ing warrant," and pointed a gun towards Plaintiff's head. It is true that there is no dispute that Plaintiff had already been searched for a weapon when Defendant Reese engaged in the complained-of conduct, and that he did not resist officers at any time. While I do not intend to minimize the severity of the mere act of pointing a gun at another person, however, there is no evidence that the gun was pointed at Plaintiff for any longer than it took to utter the alleged brief sentence; no evidence that it was accompanied by any other force or display of force; and no evidence that Defendant was or appeared to be threatening to use the gun for anything other than a show of authority.

The gun was not trained on Plaintiff for a period of time; instead, it was a rather fleeting event. Moreover, an estimate of people present at the scene numbered in the thousands, and there were only sixteen officers present. One of those people, Plaintiff Stephens, was known to have been armed, and was in the vicinity of Plaintiff Hendricks and Defendant Reese. The force used was not of the extent that it caused physical harm. Although several factors weigh towards a different conclusion, overall, given the entire context surrounding the Defendant's actions and statement, I find that his conduct was not unreasonable in terms of the degree of force used. Although not to be condoned, his actions did not violate the Constitution. Defendant Reese is entitled to qualified immunity on that basis.

### III. QUALIFIED IMMUNITY – DEFENDANT BROOKS

As recited in my August 31, 2012 Order, immunity attaches if a right was not "clearly established" at the time of the alleged violation. I have already decided that the law pertaining to

"all persons" warrants, and their parameters, was not clearly established at the time of pertinent events. I reject Plaintiffs' assertion that no reasonable attorney in Defendant Brooks' position could have interpreted the subject warrant as permissible. Accordingly, for the reasons stated in my prior Order, and because his conduct did not violate clearly established constitutional rights of which a reasonable official in his position would have known, Defendant Brooks is entitled to qualified immunity from suit for his role in advising the officers regarding the warrant.

## CONCLUSION

In sum, Defendants Brooks and Reese are entitled to qualified immunity from suit, as discussed in the foregoing Opinion. Therefore, Defendants' Motion will be granted. An appropriate Order follows.

## ORDER

AND NOW, this 19th day of February, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Supplemental Motion for Summary Judgment [71] is GRANTED. A status/settlement conference is scheduled for 3/14/13, 2013, at 10:00 A.M., in the chambers of the undersigned.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court