IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHURCH OF UNIVERSAL )
LOVE AND MUSIC, et al., )
)
    Plaintiffs, ) No. 10-1422
)
v.
)
FAYETTE COUNTY, et al.,

    Defendants.

**OPINION AND ORDER**
**SYNOPSIS**

Before the Court are Defendants' Motions in Limine: 1) to preclude Plaintiffs from proffering evidence of their First Amendment Retaliation claim; 2) to preclude testimony of Angela Zimmerlink relative to the First Amendment Retaliation claim; 3) to preclude evidence of a Fourth Amendment claim on behalf of CULM and Monica Wright; and 4) to preclude evidence of the cause of death of Defendant Fike.

For the following reasons, the Motions will be denied as to all contentions other than those relating to Autumn Fike.

**OPINION**

Rule 403 of the Federal Rules of Evidence provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In turn, Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence."

With regard to the First Amendment Retaliation claim, Defendants argue that because the now-dismissed individual Defendants named in this matter had no communication with Fayette County Commissioners regarding the raid, and were not themselves motivated by Plaintiff's protected activity, the Plaintiffs' First Amendment claim must fail. This argument essentially seeks summary judgment on Plaintiffs' retaliation claim. Nevertheless, the Motion must be denied on substantive grounds. Plaintiffs' claim against the sole remaining Defendant, the County, rests on an alleged pattern and policy of encouraging and authorizing retaliatory harassment of CULM and its members, of which the raid was part. As stated in my Order dated August 31, 2012:

> Plaintiffs suggest that taken together with the actions of other municipal actors, Defendants' conduct reflects an overarching custom or policy of harassing CULM – either by affirmative harassment or indifference to that harassment. "Monell's policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."

Thus, the issue is the Defendant's actions and inactions regarding alleged protected and retaliatory conduct, and not whether Brooks, Reese, or Fike were individually motivated by Plaintiffs' First Amendment activity. Plaintiffs may bring their First Amendment Monell claim before the jury, and Defendant's Motion must be denied.

All of the above principles likewise require that I deny Defendant's Motion regarding the testimony of Angela Zimmerlink. Defendant contends that Ms. Zimmerlink has no factual knowledge relevant to Plaintiffs' claims, essentially because she knows of no illegal motivation by the other Commissioners. As Plaintiffs point out, however, Ms. Zimmerlink's testimony, as

2

a former County Commissioner, is relevant to the background of this matter and the parties' history. Thus, she shall not be precluded from testifying at trial.

Next, I reach the Motion to exclude evidence of Monica Wright's Fourth Amendment claim. Again, this issue is more appropriate for summary judgment than an in limine ruling. In any event, Defendants suggest that because Ms. Wright was not "searched," she cannot maintain a Fourth Amendment claim. The Fourth Amendment, however, covers seizures – or detentions – as well as searches. As was noted at the motion to dismiss stage, and as Plaintiffs now argue, Ms. Wright alleges that she was ordered to the ground by visibly armed officers. I have held this sufficient to support a claim for a Fourth Amendment violation. The question has been neither raised nor ruled on since that holding issued. Accordingly, the fact that Ms. Wright was not actually searched does not preclude her from pursuing a Fourth Amendment claim.

Finally, I address the Motion to exclude evidence of Autumn Fike's suicide. Plaintiffs proffer that the fact of Ms. Fike's suicide is relevant as evidence of guilt over the events that are the subject of this litigation. To the extent that this evidence is relevant, however, I find that its probative value is substantially outweighed by the danger of unfair prejudice. Accordingly, I will exclude the evidence pursuant to Rule 403.

## CONCLUSION

In conclusion, Defendant's Motion regarding Autumn Fike will be granted, and the remainder denied. An appropriate Order follows.

**ORDER**

AND NOW, this 16th day of May, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Motions in Limine [86, 88, 90] are DENIED. Defendant's Motion in Limine regarding Autumn Fike [92] is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court